588

UNITED STATES of America
v.
John IPPOLITO.
Crim. A. No. 6210-T.

United States District Court,
S. D. Florida, Tampa Division.
April 23, 1954.

Vernon W. Evans, Jr., Asst. U. S. Atty., Tampa, Fla., for the Government.

William C. Pierce and Manuel M. Garcia, Tampa, Fla., for defendant.

BARKER, District Judge.

In the above cause defendant John Ippolito was charged in a criminal information filed in the United States District Court for the Southern District of Florida, Tampa Division, with wilfully and unlawfully failing to register and pay the special tax required by Sections 2707, 3285, 3290, 3291 and 3294, Title 26, United States Code, although being then and there engaged in the business of accepting wagers as defined in Section 3285 (b) (1) (C) and (2), Title 26, United States Code. In simpler language, the information charged that the defendant, although engaged in the business of accepting wagers, failed to register or pay the special tax to the Collector of the district, as required by the Act of October 20, 1951, commonly known as the Federal Wagering Tax Act.

Defendant Ippolito, by counsel, seasonably filed his written refusal to waive venue and Motion for transfer of trial from the Tampa Division to the Jacksonville Division of the Southern District Court of Florida. By said Motion to Transfer, the defendant contends that the offense alleged in the information, if any, was committed in the Jacksonville Division of the said Southern District

Court and therefore that the fixed venue for the trial upon the merits is in the Jacksonville Division, rather than the Tampa Division of said District Court. The question thus raised is one of venue, as between the Tampa Division and the Jacksonville Division of this Court. The case is otherwise ready for trial upon plea of not guilty, subject to the Motion to Transfer which, as before stated, was seasonably made.

It is conceded that if the offense alleged in the information was committed, it was committed in Jacksonville, Duval County, Florida, wherein was situated the office and headquarters of the Collector of Internal Revenue for the Southern District of Florida, to whom and at whose office the registration should have been made and the special tax should have been paid.

Rule 18 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., provides as follows:

"Rule 18. District and Division

"Except as otherwise permitted by statute or by these rules, the prosecution shall be had ·in a district in which the offense was committed, but if the district consists of two or more divisions the trial shall be had in a division in which the offense was committed."

Title 28, Section 89, U.S.Code divides Florida, by named counties, into two judicial districts to be known as the Northern and Southern Districts of Florida. The Southern District includes the County of Duval wherein the Collector for the Southern District sits.

No specification of divisions of either the Northern District or Southern District of Florida is made in the Act of Congress.

■ Rules 5, 6 and 7 of the District Court Rules, adopted and promulgated by the United States District Court for the Southern District of Florida, and amendments thereto, divide the Southern District of Florida into six divisions, to-wit: Jacksonville, Miami, Tampa, Orlando, Ocala and Fort Pierce, said divisions having been created for the purpose of practice in issuing, serving and returning process, and for the trial and disposition of all cases.

■ From the foregoing, it will be seen that the only divisions existing within the Southern District of Florida, namely, Jacksonville, Miami, Tampa, Orlando, Ocala and Fort Pierce, were created and established by rules of the District Court for the Southern District of Florida and not by Act of Congress. The Act of March 3, 1911, Title 28, Section 89, U.S.Code, hereinabove referred to, established only two districts in the State of Florida, to-wit: The Northern District and the Southern District, and did not and has not divided either of said districts .into divisions. It is the opinion of this Court that the right to trial in the division in which the offense was committed, as prescribed by Rule 18 of the Federal Rules of Criminal Procedure, contemplates only such divisions as may have been created within a district by an Act of Congress, and the Court holds that Rule 18 of the Federal Rules of Criminal Procedure in said regard is not applicable to divisions created by local District Court rules for the purpose of distribution of the work within the District.

■ Rule 10 of the Local District Court Rules, adopted and promulgated by the United States District Court for the Southern District of Florida, provides for the transfer of cases, either civil or criminal, from one division to another division created under Rule 5 of the District Court Rules and amendments thereto. Rule 10 is as follows:

"Rule 10. Transfer of cases. Upon consent of the parties or upon good cause shown to the satisfaction of the Court, the judge may by special order direct any cause, either civil or criminal, to be transferred from one division to any other divi-

sion of the district for trial, or may transfer any such cause from one place of holding court to another place in the same division."

In the offense charged one of the necessary elements to be proven by the Government is to establish that the defendant was engaged in the business of accepting wagers, and it appears to the Court from the allegations of the information that the Government intends to prove that all of the acts and transactions of the defendant occurred in the City of Tampa within the boundaries of the Tampa Division, as set out by Rule 5; that none of the acts, conduct, or transactions of the defendant pertinent to the alleged offense occurred within the Jacksonville Division as created by Rule 5. The Court understands that all of the witnesses for the Government reside within the said Tampa Division, with the exception of one witness from the office of the Director of Internal Revenue, Jacksonville, Florida, having custody of the records pertaining to registration and the issuance of a wagering tax stamp under the Wagering Act for the entire State of Florida. The Court also understands, and has not been advised to the contrary, that the defendant and whatever witnesses the defendant may produce at the trial, if any, reside within the boundaries of the Tampa Division as created by Rule 5.

It is, therefore, the view of this Court that unless good cause be shown by the defendant for the transfer and trial of the above entitled cause to the Jacksonville Division under said Rule 10 of the District Court Local Rules, hereinbefore set forth, the motion of the defendant herein to transfer the cause for trial and disposition to the Jacksonville Division of this Court under said Rule 18 of the Federal Rules of Criminal Procedure should be and the same is hereby denied without prejudice to the defendant to move under said Local Rule 10 of this Court.

Trial of the case upon the merits is hereby set for June 21, 1954, at Tampa, Florida.